UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

– against –

GARY JACQUES,

*Defendant.*

---

**MEMORANDUM & ORDER**
08-cr-00577 (NCM)
08-cr-00819 (NCM)

**NATASHA C. MERLE**, United States District Judge:

Before the Court is defendant Gary Jacques's motion to terminate his supervised release pursuant to 18 U.S.C. § 3583(e)(1). *See generally* Mot.[1] For the reasons stated below, defendant's motion is **DENIED**.

## BACKGROUND

On June 29, 2010, Mr. Jacques was convicted of several narcotics offenses concerning the importation, possession, and distribution of cocaine. *See* Judgment in a Criminal Case ("Judg."), ECF No. 264 at 1[2]. On September 29, 2010, in a different proceeding, Mr. Jacques pled guilty to conspiracy to commit wire fraud in violation of 18 U.S.C. § 371. Judg. 1; ECF Entry dated Sept. 29, 2010, *United States v. Guerrero et al.*,

---

[1] The Court hereinafter refers to defendant's Motion to Terminate Supervised Release Pursuant to 18 U.S.C. § 3583(e)(1), ECF No. 419, as the "Motion"; the government's letter in opposition, ECF No. 442, as the "Opposition"; and plaintiff's Reply to the Government's Opposition to Motion for Early Termination of Supervision, ECF No. 423, as the "Reply." Unless otherwise indicated, all docket citations refer to the docket in *United States v. Jacques et al.*, No. 08-cr-00577 (E.D.N.Y.).

[2] Throughout this Opinion, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

1

No. 08-cr-00819 (E.D.N.Y.). On March 2, 2011, United States District Judge Nina Gershon sentenced Mr. Jacques to 228 months in custody followed by five years of supervised release on the narcotics offenses and, concurrently, to 60 months in custody followed by three years of supervised release on the wire fraud count. Judg. 2–3. Four years later Judge Gershon reduced Mr. Jacques's sentence to 216 months in custody based on a retroactive revision to the United States Sentencing Guidelines ("Guidelines"). Order, ECF No. 340.

Mr. Jacques commenced his term of supervised release on January 9, 2024. *See* Mot. 4. The terms of Mr. Jacques's supervised release include a full financial disclosure, a substance abuse treatment program, a search order, and compliance with a forfeiture order for $343,770. Judg. 4. In addition, the conditions of his release prohibit Mr. Jacques from leaving the Eastern District of New York without obtaining permission from the Court or the Probation Department. Judg. 3. During the term of his supervised release, the Court has frequently authorized Mr. Jacques's requests to travel to the Dominican Republic where his wife and stepdaughter reside. *See* ECF Nos. 412, 416, 420.

On February 21, 2025, Mr. Jacques, through counsel, moved to terminate his supervised release approximately three-and-a-half years early pursuant to 18 U.S.C. § 3583(e)(1) based on an amendment to the Guidelines, his positive conduct, and his desire to move to the Dominican Republic to be closer to his wife and stepdaughter. Mot. 1–3. The government and the Probation Department oppose defendant's motion. *See* Opp'n 1; Report on Person Under Supervision, ECF No. 426.

## LEGAL STANDARD

Under 18 U.S.C. § 3583(e)(1), "a district court may, after considering certain factors set forth in 18 U.S.C. § 3553(a), terminate or reduce a term of supervision after

one year of supervised release if such action is warranted by the conduct of the defendant released and the interest of justice." *United States v. Torres*, No. 21-cr-02511, 2022 WL 17087048, at *3 (2d Cir. Nov. 21, 2022) (quoting 18 U.S.C. § 3583(e)(1)). Courts are not "require[d] . . . to make specific findings of fact with respect to each of the Section 3553(a) factors[.] . . . A statement that the district court has considered the statutory factors is sufficient."[3] *Id.* Still, a district court "should provide some explanation for its decision with respect" to a motion for early termination of supervised release. *Id.*

Early termination "is not warranted as a matter of course." *United States v. Parker*, No. 21-cr-00341, 2025 WL 1635971, at *2 (E.D.N.Y. June 9, 2025); *see also United States v. Bastien*, 111 F. Supp. 3d 315, 321 (E.D.N.Y. 2015). Where "changed circumstances—for instance, exceptionally good behavior by the defendant . . . render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)," early termination may be warranted. *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997). However, "[f]ull compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination." *United States v. Fenza,* No. 03-cr-00921, 2013 WL 3990914, at *2 (E.D.N.Y. Aug. 2, 2013); *see United States v. Sheckley*, 129 F.3d 114 (2d Cir. 1997) (summary order) ("[Defendant is] not entitled to early termination simply because he has successfully served a portion of his supervised release term."). Ultimately, "decisions regarding termination and modification are within the discretion of the district court." *United States v. Rosario*, No. 17-cr-00027, 2023 WL 7305260, at *2 (S.D.N.Y. Nov. 6, 2023).

---

3 Throughout this Opinion, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

**DISCUSSION**

Mr. Jacques argues that early termination of his supervised release is warranted for three reasons: (1) "[i]f convicted today, Mr. Jacques would likely receive a substantially lower sentence" than he received due to a revision of the Guidelines, specifically Amendment 826, Mot. 4–7; (2) Mr. Jacques's compliance with the terms of his supervised release and his demonstrated rehabilitation show that continued supervision is unnecessary, Mot. 7–10; and (3) Mr. Jacques's recent marriage constitutes new and unforeseen circumstances and "the restrictions imposed by his supervised release directly interfere with his ability to build and support his family[,]" Mot. 10–13. As set out more fully below, upon consideration of the Section 3553(a) factors, the Court concludes that early termination of supervised release is not warranted in this case.

**I.     Amendment 826**

Effective November 1, 2024, the United States Sentencing Commission issued Amendment 826. *See* Amendment 826, *United States Sentencing Commission*, https://www.ussc.gov/guidelines/amendment/826 [https://perma.cc/3NPA-FK9Y]. This amendment revised section 1B1.3 of the Guidelines by adding subsection (c), which provides that, for purposes of assessing relevant conduct in calculating a defendant's Guidelines range, "[r]elevant conduct does not include conduct for which the defendant was criminally charged and acquitted in federal court, unless such conduct also establishes, in whole or in part, the instant offense of conviction." Guidelines § 1B1.3(c). The Commentary to section 1B1.3 explains that in "cases in which certain conduct underlies both an acquitted charged and the instant offense of conviction . . . the court is in the best position to determine whether such overlapping conduct establishes, in whole

4

or in part, the instant offense of conviction and therefore qualifies as relevant conduct." Guidelines § 1B1.3(c) cmt. n.10.

Mr. Jacques contends that the sentencing court improperly considered acquitted conduct in calculating his Guidelines range, resulting in a "significantly and unconstitutionally enhanced" sentence. Mot. 1. Specifically, Mr. Jacques argues that because the jury acquitted him of importing and possessing five kilograms or more of cocaine, and only convicted him of 500 grams or more, the sentencing court engaged in improper judicial fact-finding when it found him responsible for between 15 to 50 kilograms of cocaine and, consequently, increased his offense level under the Guidelines to 38. Mot. 5–6. The government argues that the sentencing court acted within permissible bounds because, as Amendment 826 sets forth, a sentencing court may consider acquitted conduct where such conduct "also establishes, in whole or in part, the instant offense of conviction." Opp'n 11 (quoting Guidelines § 1B1.3(c)). And in the government's view, because the same conduct underlay the acquitted and convicted narcotics offenses, irrespective of the quantity involved, Amendment 826 "would not have prohibited the district court from considering the higher drug quantities at sentencing." Opp'n 11.

The Court does not take lightly the possibility that Mr. Jacques may have received a lower sentence if he were sentenced today. However, where, as here, the same conduct underlies both a convicted and acquitted offense, it is the sentencing court that "is in the best position to determine whether such overlapping conduct . . . qualifies as relevant conduct." Guidelines § 1B1.3(c) cmt. n.10. Thus, even if Mr. Jacques had been sentenced today, Amendment 826 would not preclude a court from considering the conduct

5

underlying all of the charged narcotics offenses at sentencing.[4] And in any event, "[w]hile the Guidelines provide the starting point and the initial benchmark for sentencing," ultimately, a district court imposes a sentence pursuant to its "own independent review of the sentencing factors set forth in 18 U.S.C. § 3553(a)." *United States v. Catul*, 687 F. App'x 44, 45 (2d Cir. 2017) (summary order); *accord United States v. Brooks*, No. 24-cv-00557, 2024 WL 4803406, at *3 (D. Md. Nov. 15, 2024) ("[W]hile Amendment 826 prohibits the consideration of acquitted conduct in determining the Guidelines range, nothing in Amendment 826 precludes the Court's consideration of conduct in assessing the § 3553(a) factors.").[5]

Moreover, irrespective of his term of incarceration, Mr. Jacques would be subject to a mandatory minimum of four years' supervised release had he been sentenced today. *See* 21 U.S.C. § 841(B). "Supervised release follows a term of imprisonment and serves an entirely different purpose than the sentence imposed under § 3553(a)." *Pepper v. United States*, 562 U.S. 476, 502 n.15 (2011); *see also United States v. Johnson*, 529 U.S. 53, 59 (2000) ("Supervised release fulfills rehabilitative ends, distinct from those served by incarceration."). Importantly, four years is the mandatory minimum term of supervised release for defendants convicted of possession with intent to distribute for the quantity of 500 grams or more. *See* 21 U.S.C. § 841(b)(1)(B)(ii).

---

[4]  Additionally, as the government points out, Amendment 826 could not disturb the validity of Mr. Jacques's sentence because the amendment is not retroactive. Opp'n 11; *see also United States v. Frias*, No. 01-cr-00307, 2024 WL 5155128, at *1 (S.D.N.Y. Dec. 18, 2024).

[5]  As the government correctly observes, Mr. Jacques's other arguments surrounding *United States v. Haymond*, 588 U.S. 634 (2019) are without merit, as that case concerns the statutory range for imprisonment, rather than judicial fact-finding used to determine a sentence within a fixed statutory range. Opp'n 9; Mot. 1.

Therefore, Mr. Jacques's five-year term—of which he has served approximately one and a half years—is not disparate compared to defendants who have been found guilty of similar conduct, and early termination of supervised release is not warranted. *See Lussier*, 104 F.3d at 36.[6]

## II.   Compliance with Terms of Release

In rare circumstances, exceptionally good behavior may justify early termination of supervised release. *See United States v. Sam*, No. 16-cr-00184, 2018 WL 836055, at *1 (S.D.N.Y. Feb. 12, 2018). "Exceptionally good behavior is not established by mere compliance with the terms of supervised release." *United States v. Linick*, No. 13-cr-00120, 2023 WL 3570664, at *1 (E.D.N.Y. May 18, 2023). Indeed, "even unblemished conduct throughout the pendency of a term of supervised release is not considered to be exceptional and worthy of early termination." *United States v. Dent*, No. 15-cr-00606, 2023 WL 2087993, at *3 (E.D.N.Y. Feb. 17, 2023). While the Court commends Mr. Jacques's rehabilitative efforts, he has not demonstrated exceptionally good behavior warranting early termination. Indeed, although Mr. Jacques asserts that he was only recently made aware of when and how to pay, the Probation Department represents that he had not made a single payment toward his $343,700 forfeiture obligation as of the date

---

[6] Denial of the instant request is without prejudice to Mr. Jacques seeking, through the appropriate motion, a reduction in the length of his term of supervised release. *See, e.g., United States v. Monk*, No. 10-cr-00197, 2024 WL 3936351, at *1 (S.D.N.Y. Aug. 26, 2024) (granting motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1) and reducing term of supervised release); *United States v. Baig*, No. 13-cr-00351, 2019 WL 6498100, at *1 (E.D.N.Y. Dec. 3, 2019) (construing motion to compel seeking a "reduction of the term of supervised release" as habeas motion and reducing term of supervised release); *accord United States v. Feeterman*, 24-503, 2025 WL 1741693, at *1 n.1 (2d Cir. June 24, 2025) (summary order) ("Apart from termination, section 3583 does not authorize a court to shorten a term of supervised release.").

of his Motion. *See* ECF Nos. 421, 426.[7] Accordingly, Mr. Jacques does not demonstrate exceptionally good behavior meriting early termination of his supervised release.

### III. New and Unforeseen Circumstances

Finally, Mr. Jacques's recent marriage and desire to be closer to his family do not constitute "new and unforeseen" circumstances warranting early termination here. *See* Mot. 10–13. Further, Mr. Jacques's complaint of the "arduous and restrictive process"[8] of seeking Court approval for temporary international travel, Mot. 12, does not move the needle. This is particularly so where, as here, the Court has repeatedly approved Mr. Jacques's requests to travel internationally. *See* ECF Nos. 412, 416, 420; *see also* Order, *United States v. Estrella*, No. 18-cr-00235 (S.D.N.Y. July 11, 2024), ECF No. 169 ("The Court appreciates that [defendant] wishes to travel internationally in order to live with his daughter. Early termination of his supervised release may not be necessary in order for him to achieve that end. The Court has authorized international travel by [defendant] while he has been serving his term of supervised release.").

Given the nature of the convicted offense and his only recent progress toward fulfilling his forfeiture obligation, Mr. Jacques's desire to relocate to the Dominican Republic "does not override the Section 3553(a) factors that weigh in favor of continuing his term of supervision." *United States v. Shin*, No. 19-cr-00552, 2024 WL 5179133, at *3 (S.D.N.Y. Nov. 7, 2024).

---

[7]    After his Motion was filed—and after the Probation Department pointed out that he had failed to make a single payment–Mr. Jacques made the first payment toward his forfeiture obligation on July 15, 2025. *See* ECF No. 426.

[8]    Though Mr. Jacques takes issue with the process required for obtaining permission to leave the Eastern District of New York, he has not sought to modify the terms of his release to allow the Probation Department to approve his travel requests directly. Opp'n 14.

## CONCLUSION

For the reasons stated above, defendant's motion for early termination of supervised release is denied.

**SO ORDERED.**

                                                 */s/ Natasha C. Merle*
                                                 NATASHA C. MERLE
                                                 United States District Judge

Dated:        August 27, 2025
                 Brooklyn, New York

Case 1:08-cr-00819-NCM-RML    Document 609    Filed 08/27/25    Page 9 of 9 PageID #: 3162